THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:11-cr-00108-MR-DLH-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ARMANDO SOLIS LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Two-Point Non-Violent Crime Reduction," which the Court construes as a motion to modify his sentence [Doc. 87] and the Defendant's "Motion for Extension of Time" [Doc. 88].

The Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to a term of 151 months' imprisonment on March 21, 2013. [Doc. 65]. The Defendant did not file a direct appeal. On December 15, 2015, the Defendant's sentence was reduced to a term of 121 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. [Doc. 86]. Again, the Defendant did not appeal.

The Defendant now returns to this Court, seeking a two-level reduction of his sentence pursuant to "the November 1, 2017 Two-Point Reduction for Non-Violent Offenders Act recently passed…." [Doc. 87 at 1].

The Court may modify a criminal judgment only in limited circumstances. Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of these circumstances, however, are applicable in the present case. Specifically, the Court is not aware of any "Non-Violent Offenders Act" that has recently passed that would afford the Defendant any relief. Accordingly, the Defendant's motion for a reduction of his sentence must be denied.

In his second motion, the Defendant requests an extension of 30 days "in which to perfect his appeal in full…." [Doc. 88 at 1]. There is nothing

recently entered, however, from which the Defendant could appeal.  The last Order entered by the Court was in December 2015.  The time for appealing that order (and for seeking an extension of time to appeal that order) has long since passed.  Accordingly, the Defendant's motion for an extension of time is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Two-Point Non-Violent Crime Reduction," which the Court construes as a motion to modify his sentence [Doc. 87] and the Defendant's "Motion for Extension of Time" [Doc. 88] are hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: November 28, 2017

Martin Reidinger
United States District Judge